## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

| | |
|---|---|
| MICHAEL A. HOSEY, Individually and For Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>CYPRESS ENVIRONMENTAL MANAGEMENT – TIR, LLC f/k/a CYPRESS ENERGY MANAGEMENT TIR, LLC,<br><br>  Defendant. | Case No. __5:21-cv-00550__<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Michael A. Hosey (Hosey) brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Cypress Environmental Management – TIR, LLC f/k/a Cypress Energy Management TIR, LLC (TIR) under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2. Hosey worked for TIR as an Environmental Inspector.

3. Hosey and the Hourly Rate Inspectors (as defined below) regularly worked more than 40 hours a week.

4. But these Inspectors never received their proper overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying proper overtime as required by the FLSA, TIR failed to include additional compensation that it paid to its Hourly Rate Inspectors when calculating their regular rate for purposes of determining overtime.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper under 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to this claim occurred in this District and Division.

9. Hosey worked for TIR in this District and Division.

10. Specifically, Hosey worked for TIR in and around Beckley, West Virginia.

11. TIR conducts substantial business operations in this District and Division.

12. Venue is proper insofar as TIR waived its right to arbitrate Hosey's claims when it failed to pay the American Arbitration Association's (AAA) filing fee.

## PARTIES

13. Hosey initially instituted his claim against TIR with the AAA on November 17, 2020.

14. The AAA closed the matter on March 8, 2021 due to TIR's failure "to submit the [twice] previously requested filing fee." *See* Exhibit A.

15. Hosey worked for TIR as an Environmental Inspector from approximately June 2018 until June 2019.

16. Throughout his employment with TIR, Hosey was paid $25.29 per hour worked, plus additional compensation that varied based on the number of days and/or hours Hosey worked, which TIR failed to include when calculating Hosey's regular rate for purposes of determining overtime.

17. Hosey's written consent to be a party plaintiff is attached as Exhibit B.

18. Hosey brings this action on behalf of himself and all other similarly situated workers who were paid by TIR's flawed hourly rate system.

19. TIR failed to include additional compensation that it paid to its Hourly Rate Inspectors when calculating their regular rate for purposes of overtime premiums.

20. The collective of similarly situated employees or Hourly Rate Inspectors sought to be certified is defined as follows:

> **All current and former hourly TIR Inspectors who were not paid their complete time and a half overtime premiums at any time during the past 3 years (Hourly Rate Inspectors).**

21. The Hourly Rate Inspectors are easily ascertainable from TIR's business and personnel records.

22. Defendant Cypress Environmental Management – TIR, LLC f/k/a Cypress Energy Management TIR, LLC is a limited liability company headquartered in Tulsa, Oklahoma that may be served with process by serving its registered agent: **Corporation Service Company, 209 West Washington Street, Charleston, West Virginia 25302**.

## COVERAGE UNDER THE FLSA

23. At all relevant times, TIR has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

24. At all relevant times, TIR has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

25. At all relevant times, TIR has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). TIR has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

26. In each of the last 3 years, TIR has had annual gross volume of sales made or business done of at least $500,000.

27. At all relevant times, Hosey and the Hourly Rate Inspectors were engaged in commerce or in the production of goods for commerce.

28. TIR uniformly applied its policy of failing paying its employees, including Hosey, their complete overtime compensation.

29. TIR applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

30. By failing to include all remuneration for employment in their regular rates for purposes of determining overtime, TIR violated (and continues to violate) the FLSA's requirement that it pay its employees overtime compensation at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

31. As a result of this policy, Hosey and the Hourly Rate Inspectors do not receive proper overtime as required by the FLSA.

32. TIR's uniform compensation scheme that fails to include all remuneration for employment in their regular rates for purposes of determining overtime for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

### FACTUAL ALLEGATIONS

33. TIR "is a full spectrum provider of Pipeline Inspection, Pipeline Integrity services and Non-Destructive Examination services to the oil and gas industry."[1] To complete their business objectives, TIR hires personnel (like Hosey) to perform work.

34. As an Environmental Inspector, Plaintiff is responsible for the safe installation and operation of pipeline and provide necessary inspection services to oil and gas pipelines across the country.

---

[1] https://www.cypressenvironmental.biz/business-units/tulsa-inspection-resources/ (last visited April 21, 2021).

35. Many of these individuals worked for TIR on an hourly basis (without proper overtime pay).

36. These workers make up the proposed Putative Class.

37. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

38. For example, Hosey worked for TIR as an Environmental Inspector from approximately June 2018 until June 2019 in and around Beckley, West Virginia for TIR's client EQT/Mountain Valley.

39. Throughout his employment with TIR, TIR paid him on an hourly rate basis.

40. Hosey's received $25.29 per regular hour worked plus 1.5 times that amount for every hour worked over 40 in a workweek; however, TIR failed to include all remuneration for employment when calculating Hosey's regular rate for purposes of determining overtime:

| Pay Type | Hours | Pay Rate | Piece Units | Day Rate | Current | YTD |
|---|---|---|---|---|---|---|
| Calendar Day | 5.0000 | | 1.000000 | $0.00 | $0.00 | $0.00 |
| Equipment Comm | 60.0000 | | 1.000000 | $0.77 | $46.20 | $443.52 |
| Equipment Other | 60.0000 | | 1.000000 | $2.00 | $120.00 | $1,152.00 |
| Equipment Safty | 60.0000 | | 1.000000 | $0.48 | $28.80 | $254.88 |
| MILEAGE | 1,375.0000 | $0.0000 | | | $797.50 | $7,607.88 |
| Per Diem | 6.0000 | | 1.000000 | $223.00 | $1,338.00 | $10,927.00 |
| Premium Pay | 20.0000 | | 1.000000 | $37.94 | $758.80 | $11,040.54 |
| Reg Earnings | 40.0000 | $0.0000 | | | $1,011.60 | $9,003.24 |

Total Hours Worked 40.0000    Total Hours 60.0000

41. In fact, TIR admits in its offer letter that the equipment reimbursement and per diem are based on days and hours worked, making it wages, and not an expense reimbursement. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010)

Pay offer is based upon your current classification and our agreement with the client. Should your classification or our agreement with the client change, the rate of pay and terms of employment will be subject to the same change(s).
-----------------------------------------------------------------------------------------------------------------
- Per Diem will be paid per day worked up to 6 days per week.
- Per Diem non work day: If only 5 days are worked, per diem will be paid for the 6th day.
- Premium Time will be paid when work is beyond 40 hours in a work week.
- Guaranteed 12 hours per day worked. Must have prior approval before working more than 12 hours a day.

| PAY PACKAGE: | | |
|---|---|---|
| | $ 25.29 | Salary Hourly (1st 40 hours) |
| | $ 37.94 | Premium Pay (excess of 40 hrs in work week) |
| | $ 223.00 | Per Diem (up to 6 days per week) |
| | $ 0.545 | Mileage (Guaranteed 275 miles PWD) |
| | $ 0.77 | Communications* Pkg Hourly (1st 12 hrs PWD) |
| | $ 0.48 | Safety Equipment Hourly (1st 12 hrs PWD) |
| | $ 2.00 | Equipment Hourly (1st 12 hrs PWD) |

42. Hosey and the Hourly Rate Inspectors do not receive proper overtime pay.

43. This is despite the fact that Hosey and the Hourly Rate Inspectors often work 12+ hours a day, for as many as 7 days a week, for weeks at a time.

44. Hosey's work schedule is typical of the Hourly Rate Inspectors.

45. Hosey and the Hourly Rate Inspectors did not receive proper overtime compensation for all hours worked in excess of 40 hours in a workweek.

46. Hosey's employment relationship with TIR is similar to that of the Hourly Rate Inspectors.

47. TIR knows Hosey and the Hourly Rate Inspectors work for 12+ hours a day, for as many as 7 days a week.

48. TIR's records reflect the fact that Hosey and the Hourly Rate Inspectors regularly work far in excess of 40 hours in certain workweeks.

49. TIR does not pay Hosey or the Hourly Rate Inspectors proper overtime for hours worked in excess of 40 in any of those weeks.

50. Very little skill, training, or initiative is required of Hosey and the Hourly Rate Inspectors to perform their job duties.

51. Indeed, the daily and weekly activities of Hosey and the Hourly Rate Inspectors are routine and largely governed by standardized plans, procedures, and checklists created by TIR and/or its clients.

52. Virtually every job function is predetermined by TIR (or its clients), including the tools and equipment used at the job site, the data to compile, the schedule of work, and related work duties.

53. TIR prohibits Hosey and the Hourly Rate Inspectors from varying their job duties outside of the predetermined parameters and requires Hosey and the Hourly Rate Inspectors to follow TIR's (or its clients') policies, procedures, and directives.

54. Hosey and the Hourly Rate Inspectors perform routine job duties largely dictated by TIR (or its clients).

55. All of TIR's Hourly Rate Inspectors perform similar inspection job duties and are subjected to the same or similar policies and procedures that dictate the day-to-day activities they perform.

56. All of TIR's Hourly Rate Inspectors work similar hours and are denied proper overtime as a result of the same illegal pay practice.

57. All of TIR's Hourly Rate Inspectors work in excess of 40 hours each week and often work 84+ hours in a workweek.

58. TIR uniformly denies Hosey and the Hourly Rate Inspectors proper overtime for the hours they work in excess of 40 hours in a single workweek.

59. TIR knew Hosey and the Hourly Rate Inspectors worked more than 40 hours in a week.

60. TIR knew, or showed reckless disregard for whether, the Hourly Rate Inspectors were paid their proper overtime, which should have included all remuneration for employment, in accordance with the FLSA.

61. Nonetheless, TIR failed to pay Hosey and the Hourly Rate Inspectors proper overtime.

62. TIR knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

63. Hosey brings this claim as a collective action under the FLSA.

64. The Hourly Rate Inspectors were victimized by TIR's pattern, practice, and/or policy which is in willful violation of the FLSA.

65. Other Hourly Rate Inspectors worked with Hosey and indicated they were paid in the same manner and performed similar work.

66. Based on his experiences with TIR, Hosey is aware that TIR's illegal practices were imposed on the Hourly Rate Inspectors.

67. The Hourly Rate Inspectors are similarly situated in all relevant respects.

68. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

69. The illegal pay policy that TIR imposes on Hosey is likewise imposed on all Hourly Rate Inspectors.

70. Numerous individuals are victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

71. The Hourly Rate Inspectors are similarly denied overtime when they work more than 40 hours per week.

72. The overtime owed to Hosey and the Hourly Rate Inspectors will be calculated using the same records and using the same formula.

73. Hosey's experiences are therefore typical of the experiences of the Hourly Rate Inspectors.

74. The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

75. Hosey has no interests contrary to, or in conflict with, the Hourly Rate Inspectors that would prevent class or collective treatment.

76. Like each Hourly Rate Inspector, Hosey has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

77. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

78. Absent a collective action, many Hourly Rate Inspectors will not obtain redress of their injuries, and TIR will reap the unjust benefits of violating the FLSA.

79. Further, even if some of the Hourly Rate Inspectors could afford individual litigation against TIR, it would be unduly burdensome to the judicial system.

80. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Hourly Rate Inspectors, as well as provide judicial consistency.

81. Hosey and the Hourly Rate Inspectors sustained damages arising out of TIR's illegal and uniform employment policy.

82. Hosey knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

83. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to TIR's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

84. TIR is liable under the FLSA for failing to pay proper overtime to Hosey and the Hourly Rate Inspectors.

85. Consistent with TIR's illegal pay policy, Hosey and the Hourly Rate Inspectors were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

86. As part of their regular business practices, TIR intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Hosey and the Hourly Rate Inspectors.

87. TIR's illegal pay policy deprived Hosey and the Hourly Rate Inspectors of the premium overtime wages they are owed under federal law.

88. TIR is aware, or should have been aware, that the FLSA required them to pay Hosey and the Hourly Rate Inspectors overtime premiums for all hours worked in excess of 40 hours per workweek.

89. There are many similarly situated Hourly Rate Inspectors who have been denied proper overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

90. This notice should be sent to the Hourly Rate Inspectors pursuant to 29 U.S.C. § 216(b).

91. Those similarly situated employees are known to TIR, are readily identifiable, and can be located through TIR's records.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA

92. Hosey brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

93. TIR employed, or employs, Hosey and the Hourly Rate Inspectors within the meaning of the FLSA.

94. By failing to pay Hosey and the Hourly Rate Inspectors proper overtime when they worked in excess of 40 hours in a workweek, TIR has violated, and is violating, Section 7 of the FLSA. 29 U.S.C. § 207.

95. TIR failed to pay Hosey and the Hourly Rate Inspectors proper overtime as required by the FLSA.

96. TIR knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Hourly Rate Inspectors proper overtime compensation.

97. TIR's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

98. Accordingly, Hosey and the Hourly Rate Inspectors are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rate of pay, which includes all remuneration for employment, plus liquidated damages, attorneys' fees and costs.

## JURY DEMAND

99. Hosey demands a trial by jury.

## PRAYER

WHEREFORE, Hosey, individually, and on behalf of the Hourly Rate Inspectors respectfully requests that this Court grant the following relief:

    a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Hourly Rate Inspectors to permit them to join this action by filing a written notice of consent;

    b. A judgment against TIR awarding Hosey and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

    c. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

    d. An order awarding attorneys' fees, costs, and expenses;

    e. Pre- and post-judgment interest at the highest applicable rates; and

    f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Anthony J. Majestro*
**Anthony J. Majestro (WVSB 5165)**
**James S. Nelson (WVSB 10776)**
**POWELL & MAJESTRO PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 – Telephone
304-346-2895 – Facsimile
amajestro@powellmajestro.com
jnelson@powellmajestro.com

**Michael A. Josephson\***
TX Bar No. 24014780
**Andrew W. Dunlap\***
TX Bar No. 24078444
**Rachael Rustmann\***
TX Bar No. 24073653
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rrustmann@mybackwages.com
\**Visiting Attorney Statement Forthcoming*

**Richard J. (Rex) Burch\***
TX Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
\**Visiting Attorney Statement Forthcoming*

**ATTORNEYS FOR PLAINTIFF**
**& PUTATIVE CLASS MEMBERS**